Brian J. Brazier (SBN 245004)
**PRICE LAW GROUP, APC**
8245 N 85th Way
Scottsdale, AZ 85258
Tel: (818) 600-5564
Fax: (818) 600-5464
brian@pricelawgroup.com

Kian Mottahedeh (SBN 247375)
John D. Sarai (SBN 259125)
**SM LAW GROUP, APC**
16130 Ventura Blvd., Suite 660
Encino, CA 91436
Tel: (818) 855-5950
Fax: (818) 855-5952
kian@smlawca.com
john@smlawca.com

Attorneys for Plaintiff,
MARTHA CABRERA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARTHA CABRERA,<br><br>    Plaintiff,<br>vs.<br><br>CITIBANK, N.A.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1. THE TELEPHONE CONSUMER PROTECTION ACT**<br>**[47 U.S.C. § 227** *et seq.***]**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br>**[CAL. CIV. CODE § 1788** *et seq.***]**<br><br>**3. RIGHT TO PRIVACY [INTRUSION]** |

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. Martha Cabrera (hereinafter "Plaintiff") brings this action to secure redress from unlawful credit and collection practices engaged in by Citibank, N.A. (hereinafter "Defendant"). Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.,* and Plaintiff's reasonable Right to Privacy. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment and delegates rulemaking authority to the Federal Communications Commission ("FCC"). Among other things, the TCPA prohibits calls or texts to a consumer's cellular telephone through the use of automatic dialers without the consumer's prior express consent. The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## VENUE AND JURISDICTION

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Martha Cabrera is an individual who resides in Los Angeles, Los Angeles County, California 91352.

5. Plaintiff is a natural person obligated or allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Defendant Citibank, N.A., is a federally-chartered bank, headquartered at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

7. Defendant regularly engages in the collection of debt by telephone in several states including, California. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

9. Within one (1) year prior to the filing of this action, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged debt owed.

10. The debt Defendant is attempting to collect is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. As such, it is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f).

11. Within one (1) year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at, but not limited to, Plaintiff's cellular telephone number (xxx) xxx-7015.

12. Upon information and belief, Defendant continuously and repeatedly called Plaintiff at Plaintiff's cellular telephone number from telephone numbers: (208) 822-2207, (469) 914-7211, (513) 573-8028, (513) 573-8031, (513) 573-8038, (513) 573-8717, (513) 573-8739, (513) 754-9822, (513) 754-9837, (513) 754-9841, (513) 754-9852, (513) 754-9863, (513) 754-9874, (520) 867-4972, (727) 556-5492, (727) 556-5772, (727) 556-7300, (816) 420-4632, (859) 795-2727, (877) 561-2272, (904) 525-8137, (904) 903-4050, and (904) 954-1207.

13. At all times relevant, Defendant owned, operated, and/or controlled telephone numbers: (208) 822-2207, (469) 914-7211, (513) 573-8028, (513) 573-8031, (513) 573-8038, (513) 573-8717, (513) 573-8739, (513) 754-9822, (513) 754-9837, (513) 754-9841, (513) 754-9852, (513) 754-9863, (513) 754-9874, (520) 867-4972, (727) 556-5492, (727) 556-5772, (727) 556-7300, (816) 420-4632, (859) 795-2727, (877) 561-2272, (904) 525-8137, (904) 903-4050, and (904) 954-1207.

14. Within one (1) year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously in order to annoy Plaintiff.

15. Within one (1) year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

16. Defendant called Plaintiff approximately five hundred and fifty (550) times beginning in or around June 2017 through the remainder of the year.

17. On at least one occasion Defendant called Plaintiff at least fourteen (14) times in a single day. For instance and without limitation, Defendant called Plaintiff at least fourteen (14) times on July 12, 2017.

18. Defendant repeatedly called Plaintiff at least thirteen (13) times in a single day. For instance and without limitation, Defendant called Plaintiff at least thirteen (13) times on July 3, 2017, July 10, 2017, and July 19, 2017.

19. Defendant repeatedly called Plaintiff at least twelve (12) times in a single day. For instance and without limitation, Defendant called Plaintiff at least twelve (12) times on June 19, 2017, June 22, 2017, and June 27, 2017.

20. Defendant called Plaintiff despite Plaintiff repeatedly requesting the calls to stop.

21. On July 27, 2017, at approximately 2:42 p.m., Defendant called Plaintiff at Plaintiff's cellular telephone number ending in 7015 from Defendant's telephone number (513) 754-9837. Plaintiff answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiff requested that Defendant stop calling Plaintiff.

22. Subsequent to Plaintiff's initial request on July 27, 2017, at approximately 2:42 p.m., Defendant called Plaintiff's cellular telephone number ending in 7015 approximately one hundred (100) times.

23. On July 31, 2017, at approximately 8:13 a.m., Defendant called Plaintiff at Plaintiff's cellular telephone number ending in 7015 from Defendant's telephone number (469) 914-7211. Plaintiff again answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiff again requested that Defendant cease contacting Plaintiff.

24. Again on July 31, 2017, at approximately 10:54 a.m., Defendant called Plaintiff at Plaintiff's cellular telephone number ending in 7015 from Defendant's telephone number (816) 420-4632. Plaintiff again answered Defendant's telephone call and spoke with a representative of Defendant. Plaintiff again requested that Defendant cease contacting Plaintiff.

25. Again on August 1, 2017, at approximately 8:05 a.m., Defendant called Plaintiff at Plaintiff's cellular telephone number ending in 7015 from Defendant's

telephone number (513) 754-9863.  Plaintiff again answered Defendant's telephone call and spoke with a representative of Defendant.  Plaintiff again requested that Defendant cease contacting Plaintiff.

26. Again on August 2, 2017, at approximately 10:30 a.m., Defendant called Plaintiff at Plaintiff's cellular telephone number ending in 7015 from Defendant's telephone number (904) 525-8137.  Plaintiff again answered Defendant's telephone call and spoke with a representative of Defendant.  Plaintiff again requested that Defendant cease contacting Plaintiff.

27. Each call that Plaintiff answered from Defendant began with a click or long pause before it was answered by a live operator, or was automatically dropped.

28. At all times relevant to this action, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

29. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

30. Within four (4) years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

31.     Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

32.     Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on July 27, 2017 and many other times thereafter.

33.     Defendant is not a tax exempt nonprofit organization.

34.     Defendant's violation of the TCPA was willful.  Defendant's violation of the TCPA was willful because Plaintiff repeatedly requested that Defendant cease calling Plaintiff.

35.     Defendant's violation of the TCPA was knowing.  Defendant's violation of the TCPA was knowing because Defendant has repeatedly been the subject of litigation due to its use of an automatic telephone dialing system.

36.     Within four (4) years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than seventy-five (75) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

37.     The natural and probable consequences of Defendant's conduct were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

38.     The natural and probable consequences of Defendant's conduct were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

39.     Defendant's conduct as described in detail above amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

40.     Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

41. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. Plaintiff suffered extreme emotional distress and mental anguish including but not limited to sleepless nights, headaches and nervousness when his phone would ring.

### FIRST CAUSE OF ACTION
**(Violations of the Telephone Consumer Protection Act,<br>47 U.S.C. § 227 *et seq.*)**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four (4) years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four (4) years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

45. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for

each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing the telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute harassment; and

   c. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (the Fair Debt Collection Practices Act):

      i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

    ii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly; and

    iii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

49. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION
### (Violation of the Right to Privacy)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

52. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

  a. Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and unwarranted and unjustified.

  b. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone

calls in an attempt to collect on an alleged debt despite having unequivocally revoked consent to be called.

c. The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

d. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

53. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Arbitrator finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

A. Declaratory judgment that Defendant violated the TCPA;

B. Declaratory judgment that Defendant violated the RFDCPA;

C. An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(A);

D. Actual damages pursuant to the RFDCPA, CAL. CIV. CODE § 1788.30(a);

E. Statutory damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Statutory damages pursuant to the RFDCPA, CAL. CIV. CODE § 1788.30(b);

G. Punitive damages, as a result of Defendant's malicious and oppressive invasion of Plaintiff's privacy, pursuant to CAL. CIV. CODE § 3294(a);

H.  Costs and reasonable attorney's fees pursuant to the RFDCPA, Cal. Civ. Code § 1788.30(c);

I.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

J.  For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Martha Cabrera, demands trial by a jury in this action.

DATED:  November 14, 2018         PRICE LAW GROUP, APC

By:  */s/ Brian Brazier*
Brian J. Brazier, Esq. (SBN 245004)
Attorneys for Plaintiff,
MARTHA CABRERA